**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Petro Siruk and Marina Siruk, | Case No. 21-cv-0415 (PJS/DTS) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Robinhood Financial LLC, et al. | |
| Defendants. | |

This matter is before the Court on the pro se complaint and application to proceed *in forma pauperis* (IFP) of Plaintiffs Petro and Marina Siruk.  The Siruks allege that Robinhood Financial LLC, Robinhood Securities LLC, and Robinhood Markets, Inc. (the Robinhood defendants) violated the customer agreement they enter with end-users of their online trading platform by preventing users from being able to buy or sell GameStop Corp. stock in January of 2021.  Compl., Dkt. No. 1.  They allege that the Robinhood defendants' conduct was negligent and it was also a breach of the duty to deal in good faith, a breach of their fiduciary duty, and a potential breach of financial regulations.  *Id.* The Siruks discuss the factors for class certification and express an intent to proceed on behalf of all members of their defined class.  *Id.*  The Siruks also acknowledge ongoing litigation in the Sothern District of New York concerning the same subject matter.  *See* Exh. to Compl., Dkt. No. 1-1 at 1; *Nelson v. Robinhood Financial LLC, et al.*, 21-cv-0777 (S.D.N.Y. 2021) [hereinafter "*Nelson* litigation"].  Typically, the Court considers the IFP application before any other action may be taken, however the Court also reviews each pro se complaint for defects such as failure to state a claim or frivolity, under 28 U.S.C. §

1

1915(e)(2)(B).  This Court will recommend that this action be dismissed for reasons that follow.

After reviewing the contents of the present complaint, this Court notes that the Siruks allegations are nearly identical to those in the *Nelson* litigation.  In the interests of judicial economy and to avoid duplicative litigation, this Court recommends that the Siruks' case be dismissed without prejudice under the first-to-file rule.  The first-to-file rule is a prudential doctrine that grew out of the need to manage overlapping litigation across multiple districts.  *See e.g. Slidell, Inc. v. Archer Daniels Midland Co.*, 2003 WL 22050776 (D. Minn. 2003) (explaining that the first-to-file rule conserves judicial resources and avoids conflicting rulings); *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (adopting the first-to-file rule).  "[T]he first-filed rule gives priority, for the purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction."  *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993).  Parallel litigation exists when "substantially the same parties litigate substantially the same issues in different forums." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 968 (8th Cir. 2013) (citation omitted); *see also Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (citations omitted).  The rule "'is not intended to be rigid, mechanical, or inflexible,' ... but is to be applied in a manner best serving the interests of justice."  *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (*quoting Orthmann*, 765 F.2d at 121).  The rule should not be applied "where a court finds 'compelling circumstances' supporting [the rule's] abrogation."  *Nw. Airlines, Inc.*, 989 F.2d at 1006 (quoting *Goodyear*, 920 F.2d at 488).

The first-to-file rule may be raised sua sponte. *See e.g. Swinton v. SquareTrade, Inc.*, 2018 WL 8458862 (S.D. Iowa 2018) (citing authority for the proposition that the first-to-file rule may be applied sua sponte). Courts generally consider three factors before applying the first-to-file rule: (1) the chronology of events; (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake. *See Baatz*, 814 F.3d at 789, *citing Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). Courts have held that the rule can be applied even where the parties are not completely identical, if the earlier filed litigation adequately represents the interests of the litigants who filed later. *See e.g. Baatz*, 814 F.3d at 790-91; *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (collecting cases for the proposition that parties need only be substantially similar, not identical, for the first-to-file rule to apply); *Woodards v. Chipotle Mexican Grill, Inc.*, Case no. 14-cv-4181-SRN/SER, 2015 WL 3447438 (D. Minn. 2015). This can be true even if a putative class has not yet been certified. *See Baatz*, 814 F.3d at 790-91 (collecting citations for the proposition that parties can be treated as similar or identical if there is substantial overlap between the putative class and the later filing litigants). Additionally, the issues presented need only be substantially similar, not identical. *See id.* at 791. If a court determines that the first-to-file rule applies to a case, then it has discretion to transfer, stay or dismiss the case. *See e.g. Alltrade, Inc.*, 946 F.2d at 628-29 (9th Cir. 1991) (discussing various case law regarding the discretion to transfer, stay or dismiss and noting that dismissal is not necessarily appropriate if the first action is likely to be dismissed); *see also Slidell, Inc.*, 2003 WL 22050776 at *4 (D. Minn. 2003).

Here, the Siruks complaint was filed on February 12, 2021, less than two weeks after a nearly identical putative class action was filed in the Southern District of New York. *Compare* Compl., Dkt. No. 1, *with Nelson*, 21-cv-0777-JMF (S.D. N.Y.), Compl., Dkt. No. 3; Amended Compl., Dkt. No. 13. This means that the *Nelson* litigation is the first-filed case. Although the Siruks are not named members of the putative class in the *Nelson* litigation, the *Nelson* plaintiffs explicitly expressed an intent for the class to include "all Robinhood customers within the United States" or all Robinhood customers who were not able to trade the GME stock as the intended class. *Nelson*, 21-cv-0777, Amended Compl., Dkt. No. 13 ¶¶ 113, 114. This language suggests that the Siruks interests will be adequately protected if the *Nelson* litigation class is certified. The defendants in the *Nelson* litigation and the Siruks' litigation are identical. Therefore, the parties are substantially similar, and this weighs in favor of applying the first-filed rule.

The subject matter of the suit is also nearly identical because the Siruks have essentially copy-and-pasted the original complaint that was filed in the *Nelson* litigation. *Compare* Compl., Dkt. No. 1, *with Nelson*, 21-cv-0777, Dkt. No. 3[1]. Significantly, this Court notes that the Siruks copied the "Plaintiff's Experience" paragraphs verbatim, stating, "[o]n the morning on January 28, 2021, Plaintiffs used their Robinhood app, searched for GME on Robinhood's app, and found it was unavailable. The stock did not even appear, although GME is a publicly traded company available on all other platforms." *Compare* Compl., Dkt. No. 1 ¶ 24, *with Nelson*, 21-cv-0777, Compl., Dkt. No. 3 ¶ 24; Amended Compl., Dkt. No. 13 ¶¶103-112. This is important because, although the

---

[1] Although there is now an Amended Complaint in the *Nelson* litigation, the subject matter of the two cases is substantially similar. The Amended Complaint has added further detailed allegations without changing the nature of the case in any material way. *See Nelson*, 21-cv-0777, Dkt. No. 13.

plaintiffs are not identical between the *Nelson* and Siruk lawsuits, it suggests that the *Nelson* class, if certified, would adequately represent the interests of the Siruks. The alleged injury of the *Nelson* plaintiffs and the Siruks is the same. Both the alignment between the Siruks complaint, and the express intent by the *Nelson* plaintiffs to include all Robinhood customers weigh in favor of applying the first-filed rule to the Siruks present case.

The Siruks present case meets all three factors to be considered when applying the first-filed rule. Their case was filed second, the parties are substantially similar, and the issues are substantially similar, if not identical. If the first-filed rule is applicable, a court then has authority to transfer, stay or dismiss an action. *See Alltrade, Inc.*, 946 F.2d at 628-29. The appropriate course of action is within the discretion of the court. Here, in considering these three options, this Court notes that the *Nelson* litigation is in its infancy, and that the Siruks alleged injury is very recent (having occurred just a few months ago in late-January 2021). Thus, the Siruks are unlikely to face statute of limitations problems soon, and they have ample opportunity to participate in the *Nelson* litigation if the class is certified. They should also have adequate time to initiate a separate action if that class is not certified and they wish to pursue a separate theory of relief. While this Court could transfer or stay the case to ensure the Siruks do not face issues of this nature, it is not inclined to do so given the Siruks recent litigation history.

This is the tenth case the Siruks have filed in less than a year.[2] It was recommended that all but one of the other nine be dismissed in the early stages for failure

---

[2] This case is the tenth of ten filed by Petro Siruk and/or Petro & Marina Siruk from mid-April 2019 to present. Magistrate Judge Tony N. Leung recently issued a Report & Recommendation wherein he numbered the previous nine cases for ease of reference. *See Siruk et al. v. State of Minnesota et al.*, 20-cv-2385 (NEB/TNL) (D. Minn. Jan. 14,

to state a claim. The only case that survived review under § 1915(e)(2)(B) review was another copycat class action suit concerning iced tea products. *See Siruk v. Healthy Beverage Company*, 20-cv-2431-ECT/DTS (D. Minn. 2020). This Court observes that the Siruks have become prolific filers in this District, and it notes that perhaps because the iced tea case survived initial screening, the Siruks now intend to file many class action lawsuits concerning each and every topic that may relate to them. Such conduct could be characterized as frivolous and should be avoided. To discourage such behavior, this Court will recommend that this case be dismissed rather than stayed or transferred. A dismissal serves the purpose of cautioning the Siruks that frivolous class action litigation will not be tolerated, without permanently hindering their ability to pursue legal recourse for any harm they may have suffered based on the Robinhood defendants conduct. A dismissal also promotes judicial efficiency and avoids duplicative or conflicting results issued by multiple federal courts at the same time. Therefore, this Court will recommend that this matter be dismissed without prejudice under the first-filed rule.

---

2021) *report and recommendation* [hereinafter *Siruk VI R&R*]. The undersigned will adopt the same numbering system, which is as follows: *Siruk v. Assurance Partners LLC et al.*, No. 19-cv-1021 (NEB/SER) (voluntarily dismissed July 24, 2019) (Petro) [*hereinafter Siruk I*]; *Siruk et al v. Cofman et al.*, 20-cv-1639 (NEB/DTS), *report and recommendation adopted*, 2020 WL 6434789, at *1 (D. Minn. Nov. 2, 2020) [hereinafter *Siruk II*] (dismissed for failure to state a claim and lack of jurisdiction); *Siruk v. Misheloff et al.*, No. 20-cv-2269 (PJS/HB) (Petro) [hereinafter *Siruk III*]; *Siruk v. Kendall*, No. 20-cv-2270 (JRT/ECW) (Petro) [hereinafter *Siruk IV*]; *Siruk et al. v. State of Minnesota (City of Elk River) et al.*, No. 20-cv-2373 (WMW/KMM) (Petro & Marina) [hereinafter *Siruk V*]; *Siruk VI*, No. 20-cv-2385 (NEB/TNL) (Petro & Marina); *Siruk v. Healthy Beverage Company*, No. 20-cv-2431 (ECT/DTS) (Petro) [hereinafter *Siruk VII*]; *Siruk v. State of Minnesota et al.*, No. 20-cv-2667 (SRN/ECW) (Petro) [hereinafter *Siruk VIII*]; *Siruk v. Mazur et al.*, No. 21-cv-0054 (JRT/HB) (Petro) [hereinafter *Siruk IX*]; *Siruk v. Robinhood Financial LLC, et al.*, No. 21-cv-0415 (PJS/DTS) (Petro & Marina) [hereinafter *Siruk X*].

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, this Court RECOMMENDS:

1. The Siruks' Complaint, Dkt. No. 1, be dismissed without prejudice.

2. The Siruks' application to proceed in forma pauperis, Dkt. No. 2, be denied as moot.

Dated: March 31, 2021                  ___s/David T. Schultz_____
                                       DAVID T. SCHULTZ
                                       U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).