**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 21-2989-MDL-ALTONAGA

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**

_____/

This Document Relates to
*Siruk v. Robinhood Financial LLC, et al.*, No. 1:21-cv-21448-CMA

<u>**Robinhood's Response to Plaintiffs' Objection to the Report and Recommendation**</u>

Defendants Robinhood Financial LLC, Robinhood Securities, LLC, and

Robinhood Markets, Inc. (collectively, "Robinhood") submit this response to *pro se* Plaintiffs

Petro Siruk and Marina Siruk's ("Plaintiffs") Respon[se] to Report and Recommendation (the

"Objection") filed in *Siruk v. Robinhood Financial LLC, et al.*, No. 0:21-cv-00415-PJS-DTS (D.

Minn.) (ECF No. 7).  For the reasons below, Robinhood respectfully requests that the Court

adopt the Magistrate Judge's Report and Recommendation ("R&R") that the first-to-file rule

applies to Plaintiffs' complaint ("Complaint") and that the action should be dismissed.

**BACKGROUND**

Plaintiffs filed their Complaint *pro se* on behalf of themselves and a putative class

of all Robinhood customers on February 12, 2021.[1]  (ECF No. 1.)[2]  The same day, Plaintiffs filed

their Motion [to] Proceed Without Prepaying Fees or Cost[s] (the "*In Forma Pauperis*

---

[1] Plaintiffs have not yet effected service on Robinhood, and Robinhood reserves the right to raise any defenses to the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure at the appropriate time.

[2] Unless otherwise noted, ECF citations are to the District of Minnesota docket, *Siruk v. Robinhood Financial LLC, et al.*, No. 0:21-cv-00415-PJS-DTS, where Plaintiffs filed their Objection.

Motion").[3]  (ECF No. 2.)  On March 31, 2021, Judge Schultz entered the R&R in response to the

*In Forma Pauperis* Motion.  (ECF No. 3.)  In the R&R, Judge Schultz conducted a threshold

review of Plaintiffs' Complaint "for defects such as failure to state a claim or frivolity, under 28

U.S.C. § 1915(e)(2)(B)."[4]  (R&R at 1-2.)  Following his review, Judge Schultz recommended

"that the Siruks' case be dismissed without prejudice under the first-to-file rule."  (*Id.* at 2.)

Judge Schultz determined that the Complaint met all three factors necessary for the first-to-file

rule to apply because:  (1) Plaintiffs' case was filed less than two weeks after *Nelson v.*

*Robinhood Financial LLC, et al.*, No. 21-cv-0777-JMF (S.D.N.Y.), (2) the "defendants in the

*Nelson* litigation and the Siruks' litigation are identical" and (3) the subject-matter was "nearly

identical because the Siruks have essentially copy-and-pasted the original complaint that was

filed in the *Nelson* litigation."  (*Id.* at 4.)  Judge Schultz concluded that dismissal, rather than

transfer or a stay, of the *Siruk* action pursuant to the first-to-file rule was appropriate, particularly

in light of Plaintiffs' "recent litigation history."  (*Id.* at 5.)  This is "the tenth case the Siruks have

filed in less than a year," and Judge Schultz concluded that dismissal would therefore "serv[e]

the purpose of cautioning the Siruks that frivolous class action litigation will not be tolerated[.]"

---

[3] An Application to Proceed in District Court Without Prepaying Fees or Costs in both the District of Minnesota and the Southern District of Florida requires the plaintiff to provide information concerning the plaintiff's income and assets.  The Plaintiffs' *In Forma Pauperis* Motion did not include such information.  *See Application to Proceed in District Court Without Prepaying Fees or Costs*, United States Courts, https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or (last visited April 29, 2021).

[4] Courts in the Eleventh Circuit apply the procedures of Section 1915 to all indigent applications and complaints.  *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam).

(*Id*. at 5-6.)[5]  Judge Schultz recommended that the District Court deny Plaintiffs' *In Forma Pauperis* Motion as moot.  (*Id.* at 7.)

Plaintiffs objected "to the entire report and recommendation," contending, without support, that "(1) Plaintiffs [are] legally entitled to [] relief against said defendants; (2) Defendants breached certain terms of the legal contract, therefore above-named defendants are legally inde[b]ted to above-named plaintiffs."  (ECF No. 7.)

At the April 19, 2021 status conference, counsel for Robinhood advised the Court that although Plaintiffs' Objection was filed by the Clerk of the United States District Court for the District of Minnesota on April 15, 2021, it was not a part of the docket transferred to this Court that same day.  (*See* 4/19/2021 Hr'g Tr. 48:7-50:8); *compare Siruk*, No. 0:21-cv-00415-PJS-DTS (D. Minn. Apr. 15, 2021) (ECF No. 7) *with Siruk*, No. 1:21-cv-21448-CMA (S.D. Fla.) (no objection filed).  On April 20, 2021, Robinhood emailed Plaintiffs to advise them that their action had been transferred to the Southern District of Florida as part of a multidistrict litigation and that, at the April 19 status conference before the Court, Robinhood had informed the Court

---

[5] As Judge Schultz noted, including the instant action, Plaintiffs have filed ten putative class actions in the District of Minnesota, eight of which were filed in the past six months alone (*see* R&R at 5-6):  (1) *Siruk v. Assurance Partners LLC, et al.*, No. 19-cv-1021-NEB-SER (D. Minn.) (filed April 12, 2019; voluntarily dismissed July 24, 2019); (2) *Siruk, et al. v. Cofman, et al.*, No. 20-cv-1639-NEB-DTS (D. Minn.) (filed July 27, 2020; dismissed November 2, 2020); (3) *Siruk v. Mischeloff, et al.*, No. 20-cv-2269-PJS-HB (D. Minn.) (filed November 2, 2020; dismissed March 9, 2021); (4) *Siruk v. Kendall*, No. 20-cv-2270-JRT-ECW (D. Minn.) (filed November 2, 2020; dismissed April 1, 2021); (5) *Siruk, et al. v. State of Minnesota (City of Elk River), et al.*, No. 20-cv-2373-WMW-KMM (D. Minn.) (filed November 23, 2020; dismissed April 22, 2021); (6) *Siruk, et al. v. State of Minnesota*, No. 20-cv-2385-NEB-TNL (D. Minn.) (filed November 24, 2020; dismissed February 24, 2021); (7) *Siruk v. Healthy Beverage Company*, No. 20-cv-2431-ECT-DTS (D. Minn.) (filed November 30, 2020); (8) *Siruk v. State of Minnesota, et al.*, No. 20-cv-2667-SRN-ECW (D. Minn.) (filed December 28, 2020; Report and Recommendation to Dismiss entered February 5, 2021); (9) *Siruk v. Mazur, et al.*, No. 21-cv-0054-JRT-HB (D. Minn.) (filed January 5, 2021; Report and Recommendation to Dismiss entered February 3, 2021); and (10) *Siruk v. Robinhood Financial LLC, et al.*, No. 21-cv-0415 (D. Minn.) (filed February 12, 2021; Report and Recommendation to Dismiss entered March 31, 2021).

that the R&R remained pending for this Court's consideration.  Robinhood further informed

Plaintiffs that their Objection should be filed with this Court, and that Robinhood intended to

respond to Plaintiffs' Objection on April 29, 2021.  As of the date of this filing, Plaintiffs have

not filed their Objection with this Court.  Nevertheless, as discussed at the April 19, 2021 status

conference, Robinhood submits this Response to Plaintiffs' Objection pursuant to the 14-day

deadline set forth in Rule 72(b)(2) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

"The transferee court has responsibility over all subsequent proceedings in the

case until remand occurs.  For the purpose of pretrial proceedings, the transferee judge exercises

all the powers a federal judge would have in actions properly filed in the district in which he or

she sits."  Multidistrict Litigation Manual § 9:2, Westlaw (database updated May 2020).  "A

district court may accept, reject, or modify a magistrate judge's report and recommendation."  28

U.S.C. § 636(b)(1).  "Those portions of the report and recommendation to which objection is

made are accorded *de novo* review, if those objections 'pinpoint the specific findings that the

party disagrees with.'"  *Cox v. Porsche Financial Services, Inc.*, 342 F. Supp. 3d 1271, 1276

(S.D. Fla. 2018) (quoting *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009)).  "Any

portions of the report and recommendation to which *no* specific objection is made are reviewed

only for clear error."  *Id.* (*citing accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir.

2006)) (emphasis in original).  The district court, however, should review a magistrate judge's

legal conclusions *de novo*, even in the absence of an objection.  *See Cooper-Houston v. Southern

Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

The first-to-file rule "developed as a doctrine of federal comity" that "favors the

forum of the first-filed suit."  *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1298 (S.D.

Fla. 2013).  Courts apply the first-to-file rule based upon the "(1) the chronology of the two

actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Laskaris*, 962 F.

Supp. 2d at 1299; (*see also* R&R at 3). "When the first-to-file rule is applicable, the district

court may elect to stay, transfer, or dismiss a duplicative later-filed action, and in applying the

first-to-file rule, judges are afforded an ample degree of discretion." *Strother v. Hylas Yachts,*

*Inc.*, No. 12-80283-CV, 2012 WL 4531357, at *1 (S.D. Fla. Oct. 1, 2012) (citations omitted).

Where the first-to-file rule applies, the objecting party bears the burden of demonstrating that

"compelling circumstances" warrant an exception to the rule. *Manuel v. Convergys Corp.*, 430

F.3d 1132, 1135 (11th Cir. 2005).

## ARGUMENT

### I.      The First-to-File Rule Applies and the *Siruk* Action Should Be Dismissed.

The Court should adopt Judge Schultz's recommendation to dismiss Plaintiffs'

Complaint pursuant to the first-to-file rule because all three elements of the first-to-file rule are

satisfied here. First, Plaintiffs filed their Complaint two weeks after the first complaint was filed

in *Nelson v. Robinhood Financial LLC, et al.*, No. 21-cv-0777-JMF (S.D.N.Y.) (the "*Nelson*

Complaint"). (*Compare* Compl., No. 0:21-cv-00415-PJS-DTS (D. Minn. Feb. 12, 2021) (ECF

No. 1), *with Nelson* Compl., No. 21-cv-0777 (JMF) (S.D.N.Y. Jan. 28, 2021) (ECF No. 1); *see*

*also* R&R at 4.) Second, there is similarity between the parties, as Plaintiffs' Complaint names

the same defendants as the *Nelson* Complaint. (*Compare* Compl. ¶¶ 4-6, *with Nelson* Compl.

¶¶ 4-6; *see also* R&R at 4.) Third, there is no question that there is substantial overlap between

the issues presented because Plaintiffs copied verbatim the allegations in the *Nelson* Complaint

and asserted identical causes of action. (*Compare, e.g.*, Compl. ¶ 16 ("On or about January 27,

2021 Robinhood, in order to slow the growth of GME and deprived their customers of the ability

to use their service, abruptly, purposefully, willfully, and knowingly pulled GME from their app.

Meaning, retail investors could no longer buy or even search for GME on Robinhood's app."),

*with Nelson* Compl. ¶ 16 (same); *see also* R&R at 4 (identifying other identical allegations).)  In

their Complaint, Plaintiffs likewise purport to represent the same putative class of Robinhood

customers as the *Nelson* plaintiffs, and again Plaintiffs copied verbatim the class action

allegations in the *Nelson* Complaint.  (*Compare* Compl. ¶¶ 26-37, *with Nelson* Compl. ¶¶ 26-37.)

Further, Plaintiffs failed to provide any "compelling circumstances" that warrant an exception to

the first-to-file rule.  *Manuel*, 430 F.3d at 1135.  As such, the first-to-file rule applies to

Plaintiffs' action, and the Court has an "ample degree of discretion" as to how to proceed.

*Strother*, 2012 WL 4531357, at *1.

        Although dismissing Plaintiffs' Complaint under the first-to-file rule is within this

Court's discretion, the more common "course of action [is] for the court to transfer the case to

the [first-filed] court to determine which case should, in the interests of sound judicial

administration and judicial economy, proceed." *Laskaris*, 962 F. Supp. 2d at 1299 (citations

omitted).  Transfer is moot at this stage since both the *Siruk* and *Nelson* actions already have

been transferred to this Court and consolidated for pretrial proceedings.  Dismissal of Plaintiffs'

Complaint is nonetheless warranted here, where Plaintiffs, serial filers of putative class action

complaints, have simply copied verbatim the allegations and causes of action of another putative

class action complaint that is also consolidated with this multidistrict litigation.  Plaintiffs

therefore do not advance any claims that are not already being pursued by represented putative

class plaintiffs on behalf of a putative class of Robinhood customers, which would include

Plaintiffs.  Further, although Plaintiffs have styled their action as being on behalf of themselves

and a putative class of all Robinhood customers, as *pro se* litigants, Plaintiffs could not be

appointed as class representatives.  *See Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)

(noting it is "plain error" to permit a litigant who is unassisted by counsel to represent a class);

*see also Class v. U.S. Bank Nat'l Ass'n,* 734 F. App'x 634, 636 (11th Cir. 2018) (the "right to appear *pro se . . .* is limited to parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others").  Finally, Judge Schultz's recommendation that "dismissal [without prejudice] serves the purpose of cautioning the Siruks that frivolous class action litigation will not be tolerated" (R&R at 6) is consistent with the inherent discretion of federal courts to "limit the filing of frivolous law suits on a case by case basis," including taking "other, more creative, actions to discourage hyperactive litigators as long as some access to the courts is allowed."  *Cofield v. Alabama Public Comm'n*, 936 F.2d 512, 518 (11th Cir. 1991); *see also May v. Hatter*, No. 00-4115-CIV-MOORE, 2001 WL 579782, at *1-2 (S.D. Fla. May 15, 2001) (permanently enjoining *pro se* litigant who filed 22 civil actions in one year from filing any further complaints without leave of court).

Therefore, dismissing Plaintiffs' Complaint under the first-to-file rule promotes judicial economy because it eliminates duplicative actions while still affording Plaintiffs ample opportunity to participate as class members if a putative class is ultimately certified in the *January 2021 Short Squeeze Trading Litigation*.[6]  (*See* R&R at 5.)

## CONCLUSION

For the foregoing reasons, the Court should overrule Plaintiffs' Objection, adopt the Magistrate Judge's R&R and dismiss Plaintiffs' Complaint.

---

[6] To the extent the Court sustains Plaintiffs' Objection and Plaintiffs pursue their litigation individually, Robinhood will move to stay the *Siruk* action pending the resolution of class certification in the *January 2021 Short Squeeze Trading Litigation* pursuant to the arbitration clause in the Robinhood Customer Agreement under the Federal Arbitration Act.  (*See* 4/19/2021 Hr'g Tr. 44:10-46:6.)  Should Plaintiffs opt out of proceeding as part of any class, Robinhood would move to stay their action in favor of arbitration.  (*Id.*)

Dated:  April 29, 2021

Respectfully submitted,

/s/ Samuel A. Danon
Samuel A. Danon (FBN 892671)
Gustavo J. Membiela (FBN 513555)
María Castellanos Alvarado (FBN 116545)
HUNTON ANDREWS KURTH LLP
Wells Fargo Center
333 SE Second Avenue, Suite 2400
Miami, Florida 33131
Tel.: (305) 810-2500
Fax: (305) 810-2460
E-mail: sdanon@HuntonAK.com
          gmembiela@HuntonAK.com
          mcastellanos@HuntonAK.com

Antony L. Ryan
Kevin J. Orsini
Brittany L. Sukiennik
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019-7475
Tel.: (212) 474-1000
Fax: (212) 474-3700
E-mail: aryan@cravath.com
          korsini@cravath.com
          bsukiennik@cravath.com

*Counsel for Robinhood Financial LLC,*
*Robinhood Securities, LLC, and Robinhood*
*Markets, Inc.*